PEATROSS, J.
 

 Un these Consolidated matters, Jeffrey E. Kosden filed a Motion to Discharge, Dismiss and Expunge the Record in the criminal matter captioned State of
 
 Louisiana v. Kosden,
 
 docket number 108,707, involving the 2001 murder of Vol Dooley, III. The trial judge denied the motion and Kosden now appeals. For the reasons stated herein, we reverse and remand with instructions to the trial judge to conduct a contradictory hearing and render judgment consistent with this opinion.
 

 FACTS
 

 This civil matter arises out of the 2001 murder of Vol Dooley, III, the son of the former Bossier Parish Sheriff, Vol Dooley, Jr. The victim’s wife, Jocelyn B. Dooley, was tried and convicted by a unanimous jury of the second degree murder of her husband pursuant to La. R.S. 14:30.1 and sentenced to life imprisonment. She was also convicted of obstruction of justice pursuant to La. R.S. 14:130.1 and subsequently sentenced to serve 40 years at hard labor, to run consecutive to the life sentence.
 

 Jeffrey E. Kosden was in a relationship with Mrs. Dooley at the time that she shot and killed her husband. Although he was not aware of the killing until after it had occurred and Mrs. Dooley telephoned him for help, Kosden assisted Mrs. Dooley in disposing of her husband’s body in the early morning hours of June 5, 2001. For this post-crime involvement, Kosden was indicted as a principal to second degree murder and was charged by subsequent bills of information with accessory after the fact and obstruction of justice. On April 21, 2003, prior to trial, the State agreed to dismiss the principal to second degree murder charge in exchange for his 12full cooperation and testimony at trial against Mrs. Dooley. Kosden testified at trial and the charge was dismissed as agreed. As previously stated, following trial, Mrs. Dooley was convicted by a unanimous jury and sentenced to life in prison. The convictions and sentences of Mrs. Dooley were affirmed by this court on appeal in
 
 State v. Dooley,
 
 38,763 (La.App.2d Cir.9/22/04), 882 So.2d 731,
 
 writ denied,
 
 04-2645 (La.2/18/05), 896 So.2d 30.
 

 On December 1, 2003, Kosden filed a Motion to Discharge, Dismiss and Expunge the Record, which was denied after a brief hearing on October 15, 2004. Kos-den filed the instant Motion to Discharge, Dismiss and Expunge the Record on February 25, 2009. The motion contained a rule to show cause why the record of the arrest, charge and prosecution of Kosden should not be destroyed or expunged. The trial judge denied the motion and Kosden now appeals.
 

 DISCUSSION
 

 The agreement between Kosden and the State provided that “[i]n exchange for [Kosderis] complete and truthful cooperation, the State of Louisiana will dismiss all charges ... and agree not to pursue any charges arising from the homicide ... or any actions taken subsequent to the homicide .... ” Again, Kosden cooperated and testified and the State dismissed the charge.
 

 The controlling statute in this case is La. R.S. 44:9(B), which provides in pertinent part as follows:
 

 B. (1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of liiR.S. 14:34.2, R.S. 14:34.3, or R.S. 14:37 may make a written motion to the district coui’t for the parish in which he was arrested for the expungement of the arrest record if:
 

 
 *523
 
 (a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and
 

 (b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.
 

 (2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith. However, nothing in this Paragraph shall limit or impede the authority under law to consider prior arrests or convictions in pursuing prosecution under multiple offender provisions or impede the investigation of any law enforcement official seeking to ascertain or confirm the qualifications of any person for any privilege or license authorized by law.
 

 Kosden argues on appeal that he was not afforded a contradictory hearing as required by the statute. The supreme court has recognized that the above applicable provision of La. R.S. 44:9 clearly provides that, prior to expungement of a felony arrest or conviction, a contradictory hearing must be held.
 
 In re Elloie,
 
 05-1499 (La.1/19/06), 921 So.2d 882. A contradictory hearing must be held pursuant to La. R.S. 44:9(B)(2) when expungement is sought for a felony arrest that did not result in prosecution and/or conviction if the district attorney declines to prosecute, La. R.S. 44:9(B)(l)(a), or for a felony arrest where the prosecution was instituted, but the proceedings were finally disposed of by acquittal, dismissal or the sustaining of a motion to quash, La. R.S. 44:9(B)(l)(a).
 
 In re Elloie, supra.
 
 In the case
 
 sub judice,
 
 the State argues that Kosden waived his right to a contradictory hearing by filing a rule to show cause rather than a request for a contradictory hearing. This issue is not dispositive of the case on appeal. Any procedural misstep should have been raised and considered at the trial court level; the trial judge was well aware of the applicable statute and that it required a contradictory hearing prior to ruling on the motion.
 

 Further, we find no support in the jurisprudence for the exclusion of Kosden’s request for expungement from the purview of La. R.S. 44:9(B)(l)(a). The statute makes no distinction regarding possible expungement based on the factual scenario or egregiousness of the particular crime involved, the identity of the victim or whether the charge/indictment was dismissed via plea agreement or immunity agreement. Likewise, we find no such distinction in the cases applying La. R.S. 44:9. Moreover, we believe it appropriate to highlight the statement of the district attorney prior to the trial judge taking the matter under advisement. After discussing the sufficiency of notice to all parties, the trial judge asked if the district attorney had any objection to the motion, to which the district attorney responded, “Your Honor, we can’t agree to the motion, but we can’t offer anything in opposition to it. I believe he’s entitled to it.” The trial judge then took the matter under advisement and, ultimately, denied the motion for expungement.
 

 In his reasons for judgment, the trial judge expressly stated that, in his opinion, “it would be contrary to public policy” to allow the expungement | sof Kosden’s arrest due to the circumstances and egregious nature of his involvement in the crime; however, he conceded that “the law is clear that the Court is required to do so.” Remarkably, the trial judge then re
 
 *524
 
 fused to order the expungement and concluded by commenting “... if that’s what I’m required to do [order expungement] somebody else is going to have to tell me that ... if some appellate court believes that my thinking is misplaced they certainly can order me to do what they believe is appropriate.” While this court shares the trial court’s concerns for the safety of our communities and his disdain for violent crimes such as murder, we are bound to interpret and apply unambiguous statutes by their clear wording. We, therefore, remand the matter to the trial court with instructions to conduct a contradictory hearing as required by the statute and apply the statute as written, without regard to the circumstances of the crime or identity of the victim.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court denying the Motion to Discharge, Dismiss and Expunge the Record of Jeffrey E. Kosden is reversed and the matter is remanded to the trial court with instructions to conduct a contradictory hearing and apply La. R.S. 44:9 as written.
 

 REVERSED AND REMANDED.